# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1V

| | | |
|---|---|---|
| COREY SILVERS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: December 3, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Timothy McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*James V. Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On January 2, 2020, Corey Silvers filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that an influenza vaccine he received on October 15, 2018, caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See generally* Petition.

Although the matter was originally assigned to the "Special Processing Unit" ("SPU"), since it appeared to assert a claim likely to be easily settled, questions about the claim's fundamental viability resulted in its transfer to my regular docket. The parties filed briefs, and after a complete review of the record and prior Program treatment of comparable claims, I granted

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

entitlement on April 25, 2024. *See Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024). Respondent filed a motion for reconsideration on May, 10, 2024 (ECF No. 37), which I denied (ECF No. 38). The parties thereafter filed a proffer on damages on July 15, 2024 (ECF No. 41), and I issued a decision awarding damages two days later. Damages Decision, dated July 17, 2024 (ECF No. 42).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated September 24, 2024 (ECF No. 44).[3] Petitioner requests $23,012.50, including $22,612.50 in fees and $400.00 in costs incurred by Attorney Timothy McCarthy. ECF No. 47-2; ECF No. 47-4. Respondent reacted to the motion on September 30, 2024. Response (ECF No. 45) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2-3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$23,012.50.**

## I. Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at

---

[3] In reviewing the motion's attachments, I noted that a breakdown of attorney's costs was missing. I therefore contacted Petitioner's counsel and requested that he refile the motion with the proper attachments. Petitioner did so on December 3, 2024, and included the attorney's costs as an attachment, along with four other attachments. Motion, dated December 3, 2024 (ECF No. 47). The sum set forth above is the revised total requested by Petitioner.

*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the consistent rate of $375 per hour for all time spent on this matter. ECF No. 47-1. Mr. McCarthy practices in Louisville, Kentucky, and does not have an established rate in the Program. In his affidavit, Mr. McCarthy states that he received his Juris Doctorate degree in 1993 and was admitted to the Kentucky Bar Association that same year. ECF No. 47-1 at 1. He indicates that his customary billing practice is $375 per hour and claims that this rate is his "standard rate with [his] level of experience." *Id.* at 2. He also includes an affidavit from Attorney Curt Sitlinger, another attorney practicing in Louisville, and who explains that he is familiar with the billing rates in their community and "affirm[s] that the rate of $375.00 is customary and reasonable for someone with over 30 years of experience." ECF No. 47-3.

I have previously determined that forum rates are appropriate for attorneys who practice in Louisville, Kentucky. *See Hammer v. Sec'y of Health & Hum. Servs.*, No. 19-1675V, 2023 WL 5786582, at *3 (Fed. Cl. Spec. Mstr. Aug. 9, 2023). In addition, Mr. McCarthy's requested rates are consistent with the OSM Fee Schedule and are commensurate with his experience. I thus find no cause to reduce them in this instance. And I will award all attorney time devoted to the matter as requested.

## II.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $400.00 in outstanding attorneys' costs, representing only the filing fee. ECF No. 47-4. I do not find any reason to make reductions and shall award this amount.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$23,012.50**, reflecting $22, 612.50 in attorney's fees and $400.00 in attorney's costs in the form of a check made jointly payable to Petitioner and his attorney, Mr. Timothy McCarthy.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.